McCooe, J.
(dissenting). The legal effect of a guilty plea in a subsequent civil action for collateral estoppel purposes is stated in Merchants Mut. Ins. Co. v Arzillo (98 AD2d 495, 504 [2d Dept 1984]): “[A] guilty plea is equivalent to a conviction after trial for issue preclusion purposes and that a guilty plea precludes relitigation in a subsequent civil action of all issues necessarily determined by the conviction” (citations omitted).
The guilty plea allocution of the defendant for resisting arrest reads:
“assistant district attorney: Is it true that on December 1, 2002 at approximately 2:30 a.m. inside Christopher Street subway station in an attempt to interfere with or prevent the arrest of David Weinert, you did grab and/or struggle with Police Officer Jane Coyle?
“defendant: I interfered with the arrest of my brother during which time I struggled with the officer ... I interfered with the arrest of my brother during which time I struggled with the officer” (record at 121).
The majority defines a battery as an unauthorized physical contact without consent. The underlying criminal act which formed the basis for the guilty plea was the “struggle” with the plaintiff police officer which constituted an unauthorized physical contact without consent. This was the identity of issue for collateral estoppel purposes. The conduct which was the basis for the guilty plea controls and not the label of the Penal Law section. The issues remaining for the trial are proximate cause as to the injury and if established, the amount of damages.
The order should be affirmed granting partial summary judgment to the plaintiff.
Gangel-Jacob and Schoenfeld, JJ., concur. McCooe, J.P, dissents in a separate memorandum.